UNITED STATED DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Cheryl Ziemer and William Ziemer, Jr.<br><br>Plaintiffs,<br><br>v.<br><br>Beneficial-Household; Trans Union LLC; CSC Credit Services, Inc.; and Equifax Credit Information Services,<br><br>Defendants. | CASE TYPE: CIVIL<br><br>File No. 01-CV-421 RHK/SRN |

**STIPULATION AND PROTECTIVE ORDER GOVERNING PRODUCTION OF DOCUMENTS IN PRE-TRIAL DISCOVERY**

Defendant Beneficial Loan & Thrift Co. ("Beneficial") and Plaintiffs Cheryl Ziemer and William Ziemer, Jr. (hereinafter the "Stipulating Parties"), by and through their respective attorneys, seek to prevent the unauthorized disclosure of confidential, sensitive, or proprietary information or documents produced during the course of pre-trial discovery in the above-captioned action:

Now, therefore, the Stipulating Parties agree as follows:

1. Either Stipulating Party may designate any document it produces during the course of pre-trial discovery in the above-captioned action as "Confidential Material" subject to the provisions of this Stipulation and Protective Order. All information contained within any document that is designated Confidential Material shall also be deemed to constitute Confidential Material and be subject to the provisions hereof. It shall be necessary for the designating party to stamp, designate, or otherwise describe specific documents as Confidential Material in order for the documents to be afforded the protections set forth in this Stipulation and Protective Order.

NOV 01 2001
FILED
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

2. All Confidential Material shall be used by the parties hereto, other than the party or parties by whom production of the particular material is first made, only for the prosecution or defense of claims made in connection with the above-captioned action. Confidential Material, or any portion or recitation thereof, shall not be given or communicated to anyone, except the following persons:

(a) The Stipulating Parties, the Stipulating Parties' counsel, and counsel's staff, including but not limited to paralegal and necessary clerical staff;

(b) Experts with whom the Stipulating Parties or their counsel consult, whether solely for purposes of consultation or for purposes of testifying at trial; however, nothing stated herein shall override or take precedence over the normal rules of discovery with respect to experts and no document provided to an expert that would normally be discoverable shall be withheld from an opposing party solely on the basis that it constitutes Confidential Material;

(c) Any person believed to be a potential witness with knowledge pertaining to the Confidential Materials;

(d) The Court;

(e) Any other person entitled thereto as a matter of legal right or by reason of compulsion of legal process issued by any court of competent jurisdiction;

(f) Any third parties to whom the parties are legally or contractually obligated to make disclosure of the designated material, including, but not limited to, a Stipulating Party's reinsurers or insurance regulators.

(g) Other persons as designated by the Court or as agreed in writing by the Stipulating Parties hereto.

3. Any persons entitled to receive Confidential Material by virtue of Paragraph 2 shall first be advised of the existence and content of this Stipulation and Protective Order and agree to be bound by the provisions thereof.

4. This Stipulation and Protective Order shall remain in effect after this litigation has been concluded by way of settlement, judgment, or otherwise, including the exhaustion of any and all appeals. No person, including the Stipulating Parties, having received Confidential Material shall distribute or communicate that Confidential Material to anyone after the conclusion of the litigation. Nothing in this Stipulation and Protective Order shall prohibit any party or parties who first produce Confidential Material from using or distributing that Confidential Material in other business matters unrelated to this litigation.

5. Confidential Material that is filed with the Court shall be filed under seal with a conspicuous designation that the filing contains Confidential Material and is to be filed under seal. The Clerk of Court is directed to maintain all such material under seal unless and until a further, contrary order is issued by the Court.

6. Any Stipulating Party intending to use Confidential Material in connection with or during depositions or court hearings or proceedings shall take all reasonable steps to insure the continuing confidentiality of the Confidential Material under the terms and conditions of this Stipulation and Protective Order. Confidential Material used in depositions or court proceedings shall not lose its protected status solely through such use.

7. No Stipulating Party shall be obligated to challenge the propriety or status of any document as Confidential Material and a failure to make such a challenge shall not preclude a subsequent challenge to that status by any party. If any dispute as to the status of documents or

information as Confidential Material cannot be resolved, the party objecting to the designation thereof as Confidential Material may seek appropriate relief from the Court. Until the Court enters a contrary order as to the status of any documents or information as Confidential Material, the material as to which a challenge has been made shall be given and retain all of the protections afforded Confidential Material by this Stipulation and Protective Order.

8. Nothing contained in this Stipulation and Protective Order shall bar or otherwise restrict any attorney from rendering advice to his client in this matter and, in the course thereof, from generally referring to or relying upon his examination of Confidential Material.

9. Neither the provisions of this Stipulation and Protective Order nor any disclosure by any party pursuant hereto shall constitute a waiver of any attorney-client or work product privilege, including the protections afforded by any applicable Rules of Civil Procedure or by common law; however, the terms and provisions of this Stipulation and Protective Order shall not be deemed or interpreted to require the disclosure or production by any Stipulating Party of any documents or information otherwise subject to a valid claim of attorney-client, work product, or other privilege or protection against disclosure in discovery. In the event any Stipulating Party or person inadvertently or unintentionally produces or discloses any document or information protected by the attorney-client privilege or any work product doctrine, including but not limited to the protections afforded by any applicable Rules of Civil Procedure or by common law, the party or person who receives such document or information shall, upon written request by the party or person who produced such document or information, immediately return it and all copies of it to the party or person who produced or disclosed such document or information.

10. Any Stipulating Party may seek a modification or termination of this Stipulation and Protective Order by first attempting to obtain the consent of the other Stipulating Party to the proposed modification and, absent concurrence, upon application to the court.

11. Any documents, information or other material obtained by the Stipulating Parties from any source other than the parties themselves shall not be deemed confidential material and shall not be subject to this Stipulation and Protective Order.

12. This Stipulation and Protective Order shall not and does not constitute authority or authorization for any person not a party hereto to insist upon access to or inspection of any information or documents to which that person would not, in the absence of the entry of this Stipulation and Protective Order, be otherwise entitled under law.

**ATTORNEYS FOR PLAINTIFFS**

By: ______________________
Thomas J. Lyons, Sr. (#65699)
**THOMAS J. LYONS & ASSOCIATES**
342 East County Road D
Little Canada, MN 55117
Telephone: (651) 770-9707

Thomas J. Lyons, Jr., Esq. (#249646)
**CONSUMER JUSTICE CENTER, P.A.**
342 East County Road D
Little Canada, MN 55117
Telephone: (651) 770-9707

Dated: 10/29/01

**ATTORNEYS FOR DEFENDANT BENEFICIAL LOAN & THRIFT CO., A HOUSEHOLD INTERNATIONAL CORPORATION**

By: Tricia Whitehill
Lawrence T. Hofmann (# 45998)
Tricia Whitehill (# 280203)
**ZELLE, HOFMANN, VOELBEL, MASON & GETTE LLP**
4400 City Center
33 South Sixth Street
Minneapolis, MN 55402
Telephone: (612) 339-2020

Dated: 10/31/01

IT IS SO ORDERED

Dated: November 1, 2001

Magistrate Judge Susan R. Nelson

Susan Richard Nelson

United States District Court

243347.1

# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA
OFFICE OF THE CLERK
316 N. Robert St., Rm 708
St. Paul, MN 55101

## Clerks Notice In Re: Protective Order

---

A Protective/Confidentiality Order has been entered in this action. You must comply with the guidelines set forth below when filing confidential original documents with the Clerk of U. S. District Court. Failure to do so will cause the documents to be returned.

***Guidelines for filing with the Clerk:***

A. Documents are to be sealed (closed, fastened, taped, or otherwise secured) in an envelope of comparable size no larger than 9 by 12 (LR5.1 All pleadings, motions, and other papers presented for filing shall be on 8 ½ x 11 inch white paper...flat and unfolded. This rule does not apply to (1) exhibits submitted for filing; and, (2) documents filed in removed actions prior to removal from the state courts.)

B. Each envelope must list the following information, and each document is to be in a separate envelope.
- Action/case number
- Brief action/case title
- Party, name, and complete title of document (i.e. Deft. Johnson's Motion for Dismissal) must be noted on each envelope. Motions, affidavits and memorandums are considered three separate documents).
- The word "SEALED" or "CONFIDENTIAL"

***Guidelines for filing with a U. S. District Judge or Magistrate Judge:***

In addition to the above procedures, copies for delivery to the U. S. District Judge or U. S. Magistrate Judge are to be marked accordingly and bound together as a set.